United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  
Dustin C. Caruso  
Diana Caruso  
    Debtors

Case No. 21-10499-pmm  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: admin     Page 1 of 2  
Date Rcvd: Jun 30, 2021     Form ID: pdf900     Total Noticed: 10

The following symbols are used throughout this certificate:  
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 02, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Dustin C. Caruso, Diana Caruso, 1522 Cleveland Ave., Reading, PA 19610-2110 |
| smg | + | Bureau of Audit and Enforcement, City of Allentown, 435 Hamilton Street, Allentown, PA 18101-1603 |
| smg | | City Treasurer, Eighth and Washington Streets, Reading, PA 19601 |
| smg | + | Dun & Bradstreet, INC, 3501 Corporate Pkwy, P.O. Box 520, Centre Valley, PA 18034-0520 |
| smg | + | Lehigh County Tax Claim Bureau, 17 South Seventh Street, Allentown, PA 18101-2401 |
| smg | + | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| r | + | Remax of Reading, 1290 Broadcasting Road, Wyomissing, PA 19610-3203 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jul 01 2021 00:00:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Jul 01 2021 00:00:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| cr | + | Email/PDF: acg.acg.ebn@americaninfosource.com | Jul 01 2021 00:09:18 | BMW Bank of North America, c/o AIS Portfolio Servi, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.  
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 02, 2021     Signature:     /s/Joseph Speetjens

District/off: 0313-4 | User: admin | Page 2 of 2
Date Rcvd: Jun 30, 2021 | Form ID: pdf900 | Total Noticed: 10

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 30, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BRENNA HOPE MENDELSOHN | on behalf of Joint Debtor Diana Caruso tobykmendelsohn@comcast.net |
| BRENNA HOPE MENDELSOHN | on behalf of Debtor Dustin C. Caruso tobykmendelsohn@comcast.net |
| REBECCA ANN SOLARZ | on behalf of Creditor CSMC 2018-SP2 Trust bkgroup@kmllawgroup.com |
| ROBERT H. HOLBER | trustee@holber.com rholber@ecf.axosfs.com |
| ROBERT H. HOLBER | on behalf of Trustee ROBERT H. HOLBER trustee@holber.com rholber@ecf.axosfs.com |
| ROBERT H. HOLBER | on behalf of Debtor Dustin C. Caruso trustee@holber.com rholber@ecf.axosfs.com |
| ROBERT H. HOLBER | on behalf of Joint Debtor Diana Caruso trustee@holber.com rholber@ecf.axosfs.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| DUSTIN C. CARUSO | : | |
| DIANA CARUSO | : | |
| | : | |
| Debtor | : | No: 21-10499 PMM |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS CLAIMS AND ENCUMBRANCES AND TO PAY REAL ESTATE BROKER**

AND NOW, this    day of           , 2021, upon consideration of the Motion of the Chapter 7 Trustee for an Order Approving Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances And To Pay Real Estate Broker (the " Sale Motion"), and all responses thereto,

Having been advised by the Trustee that competing bids were presented, an auction held on June 23, 2021 resulting in this highest and best offer which is attached to this Order as Exhibit A, cause being shown it is hereby ORDERED:

1. The Motion is GRANTED.

2. The property being sold hereby pursuant to the Sale Agreement, contains an address located at 1230 Parkside Drive S, County of Berks, Tax ID# 18-5306-37-06-2798, Bucks County, Pennsylvania( the " Property").

3. The Trustee and his professionals have determined that the Buyer has submitted a bid that was the highest and best offer for the Property and therefore is the successful purchaser as provided in the Sale Motion (the "Buyer") and an auction held on

June 23, 2021.

4.  The Trustee is permitted to enter into the Sale Agreement with the Buyer and take all reasonable actions necessary to perform his obligations as set forth in the Sale Agreement.

5.  The Trustee is authorized to sell the Property to the Buyer for $290,000.00.

6.  The Buyer is entitled to the protections of 11 U.S.C. Section 363(m).

7.  The Trustee is permitted to pay real estate a commission of Seventeen Thousand Four Hundred Dollars($17,400.00) along with any reasonable expenses incurred by the Broker in connection with the sale of the real property subject to the motion.

8.  Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee is authorized and directed to take all actions necessary to consummate the sale of the Property to the Buyer pursuant to and accordance with the terms and conditions of the Sale Agreement.

9.  Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing under the Sale Agreement, the Property shall be free and clear of all liens, claims and encumbrances.

10.  The mortgage lien of CSMC 2018-SP2 shall be paid in full subject to a proper payoff at the time of sale. The lien will otherwise remain on the proceeds to the property unless paid in full. This provision does not waive any party's right to

contest the payoff amount if found necessary.

11. The Federal and State Tax Liens are hereby subordinated by operation of 11 U.S.C. §724.

12. Such taxes on account of such Federal and State Liens shall be allowed as priority unsecured claims for the amount of any such claim that remains unpaid.

13. The transfer to the Buyer will not subject the Buyer to any liability for claims against the Trustee, the Debtor or the Debtor's affiliates or agents of any kind or character, whether known or unknown, now existing or hereafter occurring, whether fixed or contingent, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitations, any theory of successor, vicarious or transferee liability.

14. All persons are hereby enjoined from asserting, prosecuting or otherwise pursuing any claims (regardless of when accrued and regardless whether meeting the definition of "claim" under the Bankruptcy Code) such person had, has or may have against the Trustee, the Buyer or any of their respective principals, advisors, shareholders, partners and members, in connection with the negotiation of, and any agreements contained in, related to or conditioned upon the Sale Agreement.

15. As of the Closing, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release its interests in the Property as such interests may have been recorded or may

otherwise exist.

16. Each and every federal, state and local governmental agency or department shall be, and hereby is, directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

17. If any person or entity that has filed mortgages, filing statements, or judgments or other documents or agreements evidencing interests in the Property shall not have delivered to the Trustee prior to the closing date, in proper form for filing and executed form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction and releases of all such interests, the Trustee and/or the Buyers are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property. The foregoing notwithstanding, the provisions of this Order authorizing the sale of the Property free and clear of all interests shall be self-executing, and notwithstanding the failure of the Trustee, the Buyers or any other party to execute, file or obtains releases, termination statements, assignments, consents or other instruments to effectuate, consummate and/or implement the provisions hereof or in the Sale Agreement with respect to the sale of the Property, all interests shall be deemed divested on the Closing Date.

18. To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Property on account of the filing or pendency of this Chapter 7 case or the consummation of the Sale Agreement.

19. As of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the transactions contemplated by the Sale Agreement.

20. No law of any state or other jurisdiction relating to bulk sales or similar laws shall apply in any way to the transaction contemplated by the Sale Agreement, the Sale Motion, and this Order.

21. This Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith, (b) to compel delivery of the Property to the Buyers, ( c ) to resolve any disputes arising under or related to the Sale Agreement, except as otherwise provided therein, and (d) to interpret, implement and enforce the provisions of ths Order.

22. Nothing contained in any order entered in this case shall conflict with or derogate from the provisions of the Sale Agreement or the terms of ths Order.

23. The terms and provisions of the Sale Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, the Debtors, their estate, their creditors, the Buyers and their affiliates, successors and assigns, and any affected third parties including but not limited to, all persons asserting a claim against or interest in the Debtor's estate and/or the Property and any replacement trustee appointed for the Debtor under any chapter of the Bankruptcy Code.

24. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

25. The failure to specifically include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

26. The sale of the Property shall be AS IS, WHERE IS without any representation or warranty by the Trustee or any liability by the Trustee.

27. Notwithstanding the provisions of Fed.R.Bankr. P. 6004(h) and 7062, this Order shall be effective and enforceable

immediately upon entry.

Dated:

        BY THE COURT:

        *Patricia M. Mayer*

                      J.

**June 29, 2021**